UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL ELDON KENNEMORE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:07CV02028 ERW |
| ) | |
| ALAN BLAKE, ) | |
| ) | |
| Defendant. ) | |

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Daniel Eldon Kennemore for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the filing fee, and therefore, he will be granted leave to proceed in forma pauperis. Furthermore, having carefully reviewed the file, the Court finds that the complaint should be dismissed. See 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff, a civilly-committed resident of the Missouri Sexual Offender Treatment Center ("MSOTC"), seeks release from confinement in this action brought pursuant to 42 U.S.C. § 1983 against defendant Alan Blake.

Because plaintiff is challenging the validity of his present commitment, his claim is cognizable under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 490 (1973)(habeas corpus is the proper mechanism to challenge either the fact or length of confinement). Liberally construing the action as arising under § 2254, the Court finds no indication that plaintiff has previously presented his claims to a Missouri state court. In the absence of exceptional circumstances, a plaintiff must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973). State remedies are ordinarily not considered exhausted if an individual may effectively present his claim to the state courts by any currently available and adequate procedure. The State of Missouri provides habeas corpus relief for persons in its custody, and as such, plaintiff has available procedures that he must exhaust.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and/or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] and motion to supplement exhibits are **DENIED** as moot.

An appropriate order shall accompany this order and memorandum.

So Ordered this 8th Day of January, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE